# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 06-cv-47 | DATE | 5/7/2013 |
| CASE TITLE | Parmalat Capital Finance Limited v. Grant Thornton International | | |

**DOCKET ENTRY TEXT**

Plaintiff moves to transfer this case to the United States District Court for the Southern District of New York. For the reasons stated below, Plaintiff's Motion [49] is denied.

■[ For further details see text below.]   Docketing to mail notices.

**STATEMENT**

  A more detailed discussion of the lengthy and complicated history of this case is stated in the Court's Memorandum Opinion and Order of April 9, 2013. A summary of those events is as follows. In August 2004, Plaintiff sued Defendants in the Circuit Court of Cook County, Illinois, and Defendants removed the case to the Northern District of Illinois. Plaintiff opposed the removal, but before its motion for remand was decided here, the Judicial Panel of Multidistrict Litigation transferred the case to the Southern District of New York ("S.D.N.Y."). There, the S.D.N.Y. denied Plaintiff's motion for remand, finding it had jurisdiction to hear the case and that abstention was not mandatory pursuant to 28 U.S.C. § 1334(c)(2). *Parmalat Capital Finance Ltd. v. Bank of America Corp.*, 639 F.2d 572 (2d Cir. 2011) (*Parmalat II*). Following discovery, the S.D.N.Y. entertained motions to dismiss Plaintiff's Complaint, and granted summary judgment in favor of Defendants. *See in re Parmalat Securities Litigation*, 659 F. Supp. 2d 504, 532 (S.D.N.Y. 2009) (*Parmalat I*).

  Plaintiff appealed the District Court's exercise of jurisdiction to the Second Circuit, which remanded the case back to the S.D.N.Y., so that the S.D.N.Y. could make a determination as to whether or not the district court should abstain from hearing the proceeding, pursuant to 28 U.S.C. § 1334(c)(2), as it was commenced in a state forum. *Id* at 578. On remand, the S.D.N.Y. determined it was not obligated to abstain from hearing this action, as well as the related action, *Bondi v. Grant Thornton International*, Case No. 04-cv-6031 (N.D. Ill.) (*Bondi*). *See In re Parmalat Securities Litigation*, No. 04 MD 1653, 2011 WL 3874824, at *5 (S.D.N.Y. Aug. 31, 2011) (*Parmalat III*).

  Plaintiff appealed *that* decision to the Second Circuit, arguing the law required the S.D.N.Y. to abstain from hearing the case. On appeal, the Second Circuit found that abstention was necessary, provided in part because "basic questions regarding *in pari delicto* under Illinois law are unsettled." *Parmalat Capital Finance Ltd. v. Bank of America Corp.*, 671 F.3d 261, 267 (2d Cir. 2012) (*Parmalat IV*). The Second Circuit, in making this determination that abstention was necessary because questions of state law remained, relied

upon the Northern District of Illinois case of *Peterson v. McGladrey & Pullen, LLP*, Case No. 10 C 274, 2010 WL 4435543 (N.D. Ill. Nov. 3, 2010). The district court decision in *Peterson* noted that there was no controlling authority as to whether or not the *in pari delicto* defense was available against a bankruptcy trustee. *Peterson v. McGladrey & Pullen, LLP*, Case No. 10 C 274, 2010 WL 4435543, at *2-*3 (N.D. Ill. Nov. 3, 2010). The Second Circuit concluded that this case and the *Bondi* action should be remanded to the S.D.N.Y. "with instructions to transfer them to the Northern District of Illinois so that they can be remanded to Illinois state court." *Parmalat IV*, 671 F.3d at 271.

However, the Second Circuit ordered this remand without the benefit of the Seventh Circuit opinion in *Peterson*, which reversed the Northern District of Illinois and clearly stated Illinois law on the subject of the *in pari delicto* defense, holding that the defense may be asserted against a bankruptcy trustee. *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 599 (7th Cir. 2012). In consideration of this intervening change of law, this Court, upon receiving the *Bondi* and *PCFL* cases back from the S.D.N.Y., granted Defendants' Motion to Retain Jurisdiction and entered judgment in favor of Defendants, consistent with the reasons provided by the S.D.N.Y. in *Parmalat I*, 659 F. Supp. 2d. at 532.

Now, Plaintiff moves to transfer the action and the *Bondi* action back to the S.D.N.Y., pursuant to 28 U.S.C. § 1404(a). After seeking to have the action remanded back to state court for several years, Plaintiff now argues that it would be most efficient to transfer the case back to the S.D.N.Y., where the Second Circuit may consider Plaintiff's Appeal of *this* Court's order granting Defendants' Motion to Retain Jurisdiction. (Pl.'s Mot. at 2.) However, a transfer back to the S.D.N.Y. at this stage of the litigation would be contrary to the law and reason.

Under 28 U.S.C. § 1294(1), appeals from reviewable decisions of the district "shall be taken to the court of appeals . . . [f]rom a district court of the United States to the court of appeals for the circuit embracing the district," except in cases specifically under the appellate jurisdiction of the Federal Circuit. Here, the Seventh Circuit embraces the Northern District of Illinois, and on April 9, 2013, this Court entered final judgment in favor of Defendants. Therefore, it is unclear under what authority (and Plaintiff cites none in its motion) another court of appeals, besides the Seventh Circuit, could hear Plaintiff's Appeal of this Court's Order. An "appeal after final judgment will go to the court of appeals for the district in which the final judgment was entered." *Jones v. InfoCure Corp.*, 310 F.3d 529, 534 (7th Cir. 2002). Even if this is not a "final judgment" as to all parties, as Plaintiff states in his Reply, the Memorandum Opinion and Order is a decision reviewable by the Seventh Circuit.

Even setting aside Section 1294, which precludes the transfer, Plaintiff has not demonstrated why transfer is appropriate under 28 U.S.C. § 1404(a). Section 1404(a) provides that a change of venue may be granted when it is convenient for the parties and witnesses and furthers the interest of justice and when venue is proper in both the transferor and transferee courts. The Section 1404(a) analysis is done on a case-by-case basis and, therefore, "is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

First, Plaintiff ignores the convenience-of-the-parties factor in his motion, perhaps because the convenience of the parties likely would not be better served in the S.D.N.Y. In fact, since the initial Complaint was filed, Plaintiff has been advocating for the case to be returned to Cook County, Illinois, where this District Court resides. Because judgment has been entered in this case, as to all but one Defendant, the convenience of witnesses is not particularly relevant to this analysis.

Plaintiff contends that the interest of justice would be best served by a transfer to the S.D.N.Y., which would advance the goals of judicial efficiency and economy. While the Second Circuit does have background

knowledge of the case, particularly in light of the fact that it has already entertained two of Plaintiff's appeals, the mere fact that the parties could submit their appeal "through supplemental short-form briefs" is not a compelling reason for the Second Circuit, rather than the Seventh Circuit, to hear the appeal.

Significantly, the Memorandum Opinion and Order entered here turned on the recent change of law in the Seventh Circuit's *Peterson* opinion, which required application of Illinois law. The Memorandum Opinion and Order, granting Defendants' Motion to Retain Jurisdiction, was premised on an interpretation of Seventh Circuit case law; accordingly, the Seventh Circuit is best suited to review that decision, and the interest of justice would best be served by permitting the appeal to proceed here.

Neither judicial efficiency nor the convenience of the parties would be better served by transferring this case rather than permitting a direct, immediate appeal to be filed with the Seventh Circuit. For these reasons, Plaintiff's Motion to Transfer [49] is denied.